UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM BUTLER #307281,

    Plaintiff,                               Hon. Robert J. Jonker

v.                                              Case No. 1:19-CV-449

DAVID SCHOLTEN, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motions for Preliminary Injunction. (ECF No. 37, 73). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be denied as moot.

**ANALYSIS**

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *Ibid.*

Plaintiff was permitted to pursue this matter as a pauper and pay the civil filing fee over time pursuant to the framework articulated by federal law. (ECF No. 3). All but one of Plaintiff's claims were dismissed on screening. (ECF No. 9-10, 12-13). Plaintiff subsequently pursued in the Sixth Circuit an interlocutory appeal of the Court's screening decision. (ECF No. 24). Plaintiff was permitted to pursue this appeal as a pauper and pay the appellate filing fee over time pursuant to the framework articulated by federal law. (ECF No. 29).

The amount in filing fees Plaintiff incurred for initiating this action and pursuing his interlocutory appeal totaled $855.00. As Plaintiff asserts, however, prison officials deducted from his prisoner account and submitted to this Court more than the amount the Court imposed in filing fees. Specifically, a February 25, 2020, docket entry indicates that, as of that date, Plaintiff had paid to this Court $1,002.96. According to the docket sheet, Plaintiff has not paid to the Court any amount in filing fees subsequent to February 25, 2020.

In response to a March 6, 2020 letter from Plaintiff, the Court notified the "Finance Department at the Michigan Department of Corrections" that Plaintiff's filing fees "are paid in full." (ECF No. 86-87). The Court also informed Plaintiff that the amounts he overpaid to the Court would be refunded. (ECF No. 87). A May 6, 2020, docket entry indicates that Plaintiff was refunded $147.96, representing the amount Plaintiff overpaid in filing fees.

## CONCLUSION

In sum, Plaintiff has been refunded the amount he overpaid in filing fees. Accordingly, the undersigned recommends that Plaintiff's Motions for Preliminary Injunction (ECF No. 37, 73) be denied as moot.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:   May 8, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge