UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM BUTLER, #307281,

        Plaintiff,

v.

DAVID SCHOLTEN, et al.,

        Defendants.

_____/

Hon. Robert J. Jonker

Case No. 1:19-cv-449

## **<u>REPORT AND RECOMMENDATION</u>**

This matter is before the Court on Defendant Payne's Motion for Summary Judgment (ECF No. 45), Plaintiff's Motion to Strike (ECF No. 75), and Plaintiff's Motion to Amend (ECF No. 84).   Plaintiff alleges that Defendant unlawfully retaliated against him in violation of his First Amendment rights.[1]   Defendant moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied and Plaintiff's motions likewise be denied.

_____

[1] In his complaint, Plaintiff asserted additional claims against several other individuals. (ECF No. 1).   Plaintiff's claims were all dismissed on screening, however, save his retaliation claim against Defendant Payne.   (ECF No. 9-10).

-1-

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

A.    Defendant's Motion for Summary Judgment

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance

with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548

U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Pursuant to this Policy Directive, matters regarding "decisions made in hearings conducted by hearing officers" are non-grievable and, accordingly, cannot be exhausted through the prison grievance process.   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ (F)(2) (effective July 9, 2007).   Instead, as the Sixth Circuit has held, to properly exhaust the claim that a misconduct charge was asserted for retaliatory reasons, the prisoner must assert the claim during the initial misconduct hearing.   *See Siggers v. Campbell*, 652 F.3d 681, 691-94 (6th Cir. 2011); *see also*, *Annabel v. Novak*, 2020 WL 1921530 at *1 n.2 (W.D. Mich., Apr. 21, 2020) (where a prisoner alleges that a prison official retaliated against him by falsely charging him with a misconduct violation, the exhaustion requirement articulated in *Siggers* applies).

With respect to his remaining claim against Defendant Payne, Plaintiff alleges the following.   Plaintiff suffers a vision impairment for which he has been prescribed prescription tinted glasses.   Defendant Payne repeatedly threatened to confiscate Plaintiff's prescription tinted glasses.   On October 1, 2018, Plaintiff complained to the

-4-

warden about Payne's behavior.   Later that same day, Payne falsely, and with retaliatory intent, charged Plaintiff with disobeying a direct order.   As the Court previously observed, "Plaintiff claims that defendant Payne retaliated against him by writing a 'false' misconduct report after Plaintiff complained about Payne's conduct to the warden."   (ECF No. 9, PageID.88).

Defendant Payne argues that he is entitled to relief because the prison grievance Plaintiff pursued regarding this matter did not comply with MDOC grievance policies. Whether this argument is accurate, however, is simply irrelevant.   As the Sixth Circuit has held, to properly exhaust a claim that a defendant falsely charged a prisoner with a misconduct violation in retaliation for exercising his constitutional rights, the prisoner must raise the issue during the prison misconduct hearing.   Defendant has presented no evidence that Plaintiff failed to do so.   Thus, Defendant has failed to satisfy his burden that Plaintiff failed to properly exhaust his administrative remedies. Accordingly, the undersigned recommends that Defendant's motion be denied.

B.     Plaintiff's Motions

Plaintiff responded to Defendant's motion for summary judgment on January 28, 2020.   (ECF No. 62).   On February 24, 2020, Plaintiff filed the first of the two motions presently before the Court.   (ECF No. 75).   In this motion, Plaintiff moves to strike his response to Defendant's motion (ECF No. 62) so that he can "continue his discovery."   In support of this argument, Plaintiff cites to Federal Rule of Civil Procedure 56(d), which provides that a court may defer ruling on a motion for summary judgment if the non-

moving party "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts to justify [his] opposition."   Plaintiff did not submit with this motion the required affidavit or declaration.   Accordingly, the undersigned recommends that Plaintiff's motion (ECF No. 75) be denied.

Plaintiff's second motion (ECF No. 84) is a request for leave to amend his response to Defendant's motion for summary judgment.   Plaintiff seeks this relief based upon the perceived mischaracterization by Defendant of Plaintiff's pleadings.   Plaintiff has failed to demonstrate good cause to amend the pleading in question.   Moreover, the Court discerns no need to amend in light of the recommendation that Defendant's motion for summary judgment be denied.   Accordingly, the undersigned recommends that Plaintiff's motion (ECF No. 84) be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Payne's Motion for Summary Judgment (ECF No. 45) be denied; Plaintiff's Motion to Strike (ECF No. 75) be denied; and Plaintiff's Motion to Amend (ECF No. 84) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:   May 8, 2020                    /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge