UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM BUTLER,

        Plaintiff,

                                           CASE NO. 1:19-CV-449

v.

                                           HON. ROBERT J. JONKER

DAVID SCHOLTEN, et al.,

        Defendants.

_____/

**ORDER REGARDING
REPORT AND RECOMMENDATION**

**INTRODUCTION**

In this prisoner civil rights lawsuit, Plaintiff alleges that Defendant Payne harassed him about his prescription tinted glasses. When Plaintiff complained to the warden about the harassment, Defendant Payne retaliated against him by issuing a false misconduct ticket. Following a screening opinion (ECF No. 9), the retaliation claim is the sole remaining claim in this case.

On December 27, 2019, the defense moved for summary judgment on the basis that Plaintiff failed to follow MDOC's grievance process on the retaliation claim. (ECF No. 45). On May 8, 2020, the Magistrate Judge issued a Report and Recommendation that recommends denying the defense motion on the basis it raised because the relevant question for purposes of retaliatory misconduct exhaustion is whether Plaintiff argued during his misconduct hearing that the ticket was retaliatory. (ECF No. 92). The defense filed an objection that did not challenge the legal analysis of the Magistrate Judge. (ECF No. 93). Rather it stated that the defense had inadvertently failed to read Plaintiff's claim the same way as the Magistrate Judge, especially since

Plaintiff had always insisted that he had exhausted his claim through the grievance process, not at the misconduct hearing.  The defense argued the available record nevertheless provided a basis for granting its motion.

On June 12, 2020, this Court Ordered the parties to supplement the record on the Magistrate Judge's exhaustion analysis.  (ECF No. 97). The defense has responded with two affidavits in support of their position that Plaintiff did not raise retaliation during his misconduct hearing. Plaintiff has filed several documents and motions that argue 1) he exhausted his claim of retaliation through the grievance process and 2) the defense has waived any argument that Plaintiff did not exhaust a retaliation claim by raising it at the misconduct hearing.  Plaintiff has not, however, provided any evidence to contradict the supplemented record showing he failed to exhaust at the grievance hearing itself.  For the reasons set out below, the Court determines the record, as supplemented, demonstrates that Plaintiff failed to exhaust his retaliation claim.  Accordingly, the Court grants the defense motion and dismisses this case.

## FACTUAL AND PROCEDURAL BACKGROUND

The defense moved for summary judgment on the basis that Plaintiff had failed to exhaust his grievances on a retaliation claim. (ECF No. 45).  According to the defense, a Step III grievance report indicated that neither of two possible grievances served to properly exhaust a claim. Grievance MCF-18-10-0973 mentioned an October 3, 2018 incident date and argued that the prison eye doctor discontinued his special accommodation for a tinted lens with no reason.  The defense argued it did not serve to exhaust Plaintiff's claim because it contained no mention of Defendant Payne, nor was there any contention of retaliation.  (ECF No. 46-3).

The second of the two grievances, Grievance MCF-19-03-0186-28-C, contains a March 7, 2019 incident date.  Plaintiff raised several arguments in the grievance, including an argument that

Defendant Payne "wrote a false misconduct report in retaliation." (ECF No. 46-3, PageID.257). This grievance was rejected at Step I for failing to comply with the grievance procedures, namely, because it contained multiple issues. This rejection was upheld at multiple steps. (ECF No. 46-3, PagID.252-254). In his response to the defense summary judgment motion Plaintiff argued, among other things, that the relevant policy only prohibited filing a grievance with multiple *unrelated* issues. He argued that all the issues in his grievance were related. (ECF No. 77).

In the Report and Recommendation, the Magistrate Judge observed that whether the prison grievance Plaintiff pursued regarding his retaliation claim against Defendant Payne complied with MDOC grievance policies was "simply irrelevant." This is because:

> [A]s the Sixth Circuit has held, to properly exhaust the claim that the misconduct charge was asserted for retaliatory reasons, the prisoner must assert the claim during the initial misconduct hearing." *See Siggers v. Campbell*, 652 F.3d 681, 691-94 (6th Cir. 2011); *see also Annabel v. Novak*, 2020 WL 1921530 at *1 n.2 (W.D. Mich., Apr. 21, 2020) (where a prisoner alleges that a prison official retaliated against him by falsely charging him with a misconduct violation, the exhaustion requirement articulated in *Siggers* applies).

(ECF No. 92, PageID.511). Thus, to demonstrate it was entitled to summary judgment on the basis of exhaustion, the Magistrate Judge observed that the defense needed to show that Plaintiff failed to raise the retaliation issue during the misconduct hearing. (*Id.* at 512)

Neither side objected to this portion of the Magistrate Judge's Report and Recommendation. Rather the defense, the only party to file an objection, contends it inadvertently viewed Plaintiff's retaliation claim more broadly that the retaliation misconduct claim. Second, the defense argued the record contained enough information to find that Plaintiff failed to properly exhaust his retaliatory misconduct claim. Plaintiff responded that the defense had waived a claim

3

that he failed to exhaust a retaliatory misconduct claim at the misconduct hearing. He also argued that he could meet all the elements of a retaliation claim. (ECF No. 95).

On June 12, 2020, the Court issued an Order that required the parties to supplement the record given the Magistrate's observation that the defense had not pointed to anything to demonstrate whether Plaintiff raised retaliation during the misconduct hearing. (ECF No. 97). The Court specifically stated that "both sides should have an opportunity to supplement their positions and provide any further supporting materials . . . with respect to exhaustion and the specific retaliation theory that remains in this case." (ECF No. 97. PageID.534). The Court emphasized the parties should respond to the issue of exhaustion "as framed" by the Magistrate Judge. (*Id.* at PageID.535).

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, all supplemental materials, all objections, and any other pertinent matter of record.

**DISCUSSION**

*1. Defendant's Motion for Summary Judgment*

The focus of the motion practice has primarily concerned whether Plaintiff's claim for retaliation needed to be exhausted through the grievance process or whether it needed to be raised at the misconduct hearing. The parties' initial briefing implicitly agreed that the claim needed to go through the grievance process; they only disagreed about whether Plaintiff had complied with MDOC's procedures for grieving the claim. The Magistrate Judge was the one who raised the issue of exhaustion at the retaliatory misconduct hearing. Following the defense objections, the Court gave both sides an opportunity to address whether Plaintiff had raised retaliation during the hearing.

The defense has now come forward with record evidence to support a conclusion that Plaintiff did not raise retaliation during the hearing. After review, the Court is satisfied that there is a sufficient basis for summary judgment based on the failure to exhaust. Based on the supplemented record that was not available to the Magistrate Judge, the Court rejects the Magistrate Judge's recommendation that the defense motion be denied and grants the motion for summary judgment.

The supplemented record, as well as the earlier filed materials, demonstrates the following undisputed facts. On October 1, 2018, Defendant Payne issued a Class II misconduct report against Plaintiff. In the report, Defendant Payne stated:

> I observed inmate Butler in the chow hall with sunglasses on. I told inmate Butler that sunglasses are not allowed to be worn in the chow hall and that he was to take them off. Inmate Butler stated that he had a medical detail, but when asked to produced [sic] the medical detail he stated that he did not have it on him. I repeated my order for him to take off his sunglasses. At no time did inmate Butler remove his glasses or comply with my order at anytime. Inmate Butler was identified by MDOC ID card.

5

(ECF No. 1-1, PageID.43).

A hearing on the misconduct report was held by Lt. Quinn.  A report from the hearing contains a summary of the hearing, including a summary of Plaintiff's position.  The report states that Plaintiff argued he did show a detail for his prescription tinted glasses to Defendant Payne.  The hearing report contains no mention of any claim of retaliation.  Lt. Quinn found Plaintiff guilty of the misconduct:

> Prisoner did not remove the sunglasses as requested, when he could not produce a detail.  Prisoners are required to have any details or accommodations on ttere [sic] person at all time and submit them to staff upon request.  Prisoner Butler had no detail on him, the order to remove the sunglasses in the chow hall was a reasonable order and should have been followed.

(*Id.* at PageID.45).  Plaintiff was found guilty and given ten days loss of privileges. (*Id.*).  Plaintiff filled out an appeal form that mentioned Defendant Payne's harassment, but made no mention of retaliation:

> First off I asked for a Hearing Investigator and it wasn't checked off. The order was unreasonable because of my medical condition, plus I never had on sunglasses and this same C.O. have seen my medical detail several times.  If I take off my Prescription Glasses I can't see because I am half Blind out of my right eye.  So that is why it was a unreasonable order, and when I tried to leave he wouldn't let me go and this is another reason. Why this C.O. been harassing me since my eye injury four years ago.  This is why I am appealing this so thank you for your time.

(ECF No. 1-1, PageID.47, cleaned up).

Defendant Payne has filed a supplemental brief containing the affidavit of the hearing officer, Lt. Quinn.  (ECF No. 100-2).  The officer states he does not remember the misconduct hearing that took place over two years earlier, but that it was his practice to "always record any prisoner allegations of retaliation in the misconduct hearing report, if such assertions are made."

6

(Quinn Aff. ¶ 4, ECF No. 100-2, PageID.564).  The officer had reviewed his report, and noted it does not show that Plaintiff had made any allegation of retaliation.  (*Id.*).

The defense also provided the affidavit of Sequita Jackson, the executive secretary for the prison's deputy warden.  She avers that she has searched the records of the prison, and there is no record that the Deputy Warden's office ever received the appeal form that Plaintiff provides and she sees no record of a response to any appeal.  (Jackson Aff. ¶ 4, ECF No. 100-3, PageID.576).

The Court is satisfied by Defendant's supplementation that, viewing the facts in the light most favorable to the Plaintiff, Plaintiff failed to raise retaliation during his misconduct hearing, and thus he failed to exhaust a retaliatory misconduct claim.  The hearing materials contain no mention of retaliation, including the appeal form that Plaintiff completed and attached to his Complaint.[1]

Indeed, Plaintiff has never argued—even in his supplemental materials—that he told the officer at his misconduct hearing that the report was false, and issued in retaliation for his complaints about Defendant Payne's harassment.  He has, at various points, argued that the misconduct report was wrong because he was wearing prescription tinted glasses, not sunglasses.  And he has stated that he told the officer that he showed Defendant Payne his detail for the glasses.  (ECF No. 77, PageID.434-435).  But he does not claim that he ever told the hearing officer that

---

[1] The appeal form that Plaintiff provides does not contain a date on which the appeal was submitted to the prison.  Ms. Jackson avers that the archives of the prison contain no record that this appeal was ever received.  As the defense notes, courts have held that in order to exhaust a retaliatory misconduct claim, prisoners must raise the claim both at the hearing and in an appeal.  *See Harris-Bey v. Alcodray*, No. 16-12666, 2017 WL 3124328, at *4 (E.D. Mich. 2017).  To the extent there is a disputed issue of fact on whether Plaintiff filed an appeal following his misconduct hearing, the Court need not reach the issue since the summary judgment record demonstrates Plaintiff failed to raise a retaliatory misconduct claim during his misconduct hearing.

Defendant Payne issued the misconduct ticket to retaliate against Plaintiff. As such, there is no fact issue on the relevant exhaustion issue.

Plaintiff's supplemental materials mainly cover two topics, neither of which persuade the Court that the defense motion should be denied. First, Plaintiff repeats his claims that he properly exhausted his claims through the grievance process. (*See, e.g.,* ECF No. 98, PageID.537-538; ECF No. 104, PageID.586-588). But as the Magistrate Judge observed when the defense argued that Plaintiff did not follow the grievance process, this argument is beside the point where, as here, the plaintiff raises a retaliatory misconduct claim. The relevant question is whether the plaintiff raised the issue during the misconduct hearing. Plaintiff did not object to this analysis, and even if he had the Court is satisfied on de novo review that the Magistrate Judge was correct in his reasoning. *See Siggers v. Campbell*, 652 F.3d 681, 691-94 (6th Cir. 2011); *see also Smith v. Goulet*, 2018 WL 3699469 at *2 (W.D. Mich. Aug. 3, 2018) (a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation must raise that issue during the first misconduct hearing to exhaust administrative remedies.).

Plaintiff also argues that Defendant cannot now raise a new issue that was not raised in his summary judgment motion. He contends that Defendant has, accordingly, waived any claim that Plaintiff failed to exhaust a retaliatory misconduct claim because he did not raise it at his misconduct hearing. (ECF No. 104, PageID.588-589). But it was the Magistrate Judge, not the defense, that raised the *Siggers* issue. And following the defense objection, this Court gave both sides an opportunity to address the issue. Thus Plaintiff's claim that the defense was waived is meritless. Under *Siggers*, Plaintiff was required to raise a retaliatory misconduct claim at the misconduct hearing. Plaintiff does not dispute his failure to do so. On this record, there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies and there

is no factual dispute to resolve.  *C.f. Annabel v. Novak¸* No. 1:19-cv-199 ECF No. 48 (W.D. Mich. Apr. 21, 2020) (ordering bench trial on retaliatory misconduct claim where defense argued the plaintiff failed to raise retaliation issue at the hearing and the plaintiff argued in sworn declaration that he did argue the misconduct ticket was retaliatory during the hearing).  Accordingly, the Court is satisfied that the defense is entitled to summary judgment because Plaintiff failed to exhaust his retaliatory misconduct claim, the sole remaining claim in this case.

   *2. Plaintiff's Motions*

   The record contains an assortment of motions filed by Plaintiff, some of which were addressed in the Magistrate Judge's Report and Recommendation and some that were submitted afterwards.  Plaintiff did not object to those motions that the Magistrate Judge did address (ECF Nos. 75 and 84) and so the Court adopts the Magistrate Judge's recommended disposition that the motions be denied.  The Court observes that the motions themselves asked for more time to respond to the defense motion for summary judgment, and that Plaintiff largely received this relief in the Court's June 12th Order asking for supplemental responses.

   The other two pending motions were submitted following the Magistrate Judge's Report and Recommendation.  In the first motion, Plaintiff moves to supplement the record.  (ECF No. 98).  This motion is dismissed as moot because it is unnecessary.  The Court's June 12th Order asked the parties to supplement the record.  In the second motion, Plaintiff asks for an extension of time to file a brief.  (ECF No. 102).  Plaintiff has since filed the supplement (ECF No. 104). While the Court's June 12th Order did not permit multiple supplemental filings, the Court reviewed this brief as well, though it did not find a basis within it to deny the defense motion. Accordingly, this motion is also dismissed as moot.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation of the Magistrate Judge, which recommends the denial of the defense motion for summary judgment (ECF No. 92) is **REJECTED.**

2. Plaintiff's Motion to Strike (ECF No. 75) and Motion to Amend (ECF No. 84) are **DENIED.**

3. Plaintiff's Motion to Supplement (ECF No. 98) and Motion for Extension (ECF No. 102) are **DISMISSED AS MOOT.**

4. The defense motion for Summary Judgment (ECF No. 45) is **GRANTED.**

5. This case is **DISMISSED.** The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Dated:   September 29, 2020           /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE